In re Julian R. MARX, Debtor.

Julian R. MARX, Appellant,

v.

Michael R. LAUGHLIN, Appellee.

BAP No. CC–81–1217HGV.

United States Bankruptcy
Appellate Panels
of the Ninth Circuit.

Argued March 25, 1982.

Decided June 24, 1982.

Andrew F. Leoni, Slate & Leoni, Los Angeles, Cal., for appellant.

Lee D. Williams, Riordan, Caps, Carbone & McKinzie, Los Angeles, Cal., for appellee.

Before HUGHES, GEORGE and VOL-INN, Bankruptcy Judges.

OPINION

PER CURIAM:

This is an appeal from a judgment entered on a debt found to be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2). We affirm.

I

Appellant-debtor Marx sold certificates evidencing ownership of 4000 shares of Paradyne Corp. stock to appellee Laughlin for $25,500. There is no dispute that appellant

obtained these certificates from Paradyne fraudulently.

Appellee, without knowledge that the certificates were valueless, thereafter entered into a series of agreements with appellant, whereby he received a number of promissory notes and finally stock in a second corporation, Central States Professional Services, Inc.

Appellee then filed a state court action against appellant in Illinois for violations of state securities laws as to the Central States stock and obtained a judgment for the amount of his loss plus interest and attorney's fees. Appellant thereafter instituted bankruptcy proceedings in the Central District of California, to which appellee responded with a complaint to determine the dischargeability of his debt.

The trial court found the debt nondischargeable but, because the Illinois judgment included attorney's fees awarded under state law that would be dischargeable in bankruptcy, a new judgment limited to principal and interest in the amount of $37,-016.85 was entered. The present appeal was thereafter filed.

Appellant has made two contentions on appeal. First, he claims that the trial court erred in failing to find a novation of the fraudulently induced stock transaction by the subsequent agreements. Second, he claims that the Illinois judgment was based only upon the Central States Professional Services stock transaction and therefore the appellee had waived the right to complain of fraud in the original Paradyne stock transaction for purposes of a nondischargeability in bankruptcy.

## II

Appellant contended at trial, as he does now, that the transactions occurring subsequent to the original stock transactions acted as novations, thereby replacing and superceding the initial fraudulent transaction. Appellee contended that the subsequent transactions were made in addition to the initial stock transaction and each succeeding promissory note merely replaced the previous note, not the original stock transaction.

The trial court found that the promissory notes and second stock transaction were agreements for additional security and did not supercede or replace the original agreement. Appellant claims that the judge erred in failing to find a novation because two of these subsequent agreements contained a clause stating that the agreement "supercedes and replaces" all previous agreements between the parties.

The subsequent agreements were entered into in Illinois. As appellant points out, Illinois law regarding novations is substantially similar to California law. The key to an effective novation in both states is that both parties must intend to extinguish the original agreement and replace it with the new agreement. California Civil Code § 1531, *Hunt v. Smyth*, 25 Cal.App.3d 807, 101 Cal.Rptr. 4 (1972). *Kiefer v. Reis*, 331 Ill. 38, 162 N.E. 157 (1928).

In order to overturn the lower court judge's findings on appeal, they must be shown to be clearly erroneous. Bankruptcy Rules 752, 810, *Purer and Co. v. Aktiebolaget Addo*, (9th Cir. 1969) 410 F.2d 871, Cert. Den. 396 U.S. 834, 90 S.Ct. 90, 24 L.Ed.2d 84.

The record on appeal contains evidence and testimony showing that the parties did not intend to extinguish the original Paradyne stock transaction. We cannot say that the finding to this effect was clearly erroneous.

## III

Appellant's second contention is that appellee waived his right to complain of fraud in the original stock transaction for purposes of nondischargeability in bankruptcy when he obtained the Illinois judgment based only upon the Central States Professional Services stock transaction. Appellant argues that appellee cannot now go behind the judgment to assert fraud in the original transaction.

The Supreme Court in *Brown v. Felson*, 442 U.S. 127, 138, 99 S.Ct. 2205, 2213, 60

L.Ed.2d 767 (1979), refutes this contention by its holding that "... the bankruptcy court is not confined to a review of the judgment and record in the prior state court proceeding when determining the dischargeability of [a] debt." In the present case, the Illinois judgment represents one form of the debt owed by appellant to appellee. The bankruptcy court was not barred from noting that the debt was fraudulently induced, notwithstanding the fact that the debt had taken the form of a judgment which is not based on the original fraud.

Affirmed.